THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. ANTOINE KELLEY, Defendant-Appellant.

First District (3rd Division)   No. 1—00—2267

Opinion filed February 27, 2002.—Rehearing denied March 15, 2002.

Rita A. Fry, Public Defender, of Chicago (Ronald P. Alwin, Assistant Public Defender, of counsel), for appellant.

Richard A. Devine, State's Attorney, of Chicago (Renee Goldfarb, Margaret J. Campos, and Emily J. Grzanka, Assistant State's Attorneys, of counsel), for the People.

JUSTICE SOUTH delivered the opinion of the court:

Defendant, Antoine Kelley, was charged with two counts of armed robbery. Subsequent to a bench trial he was convicted of aggravated robbery and sentenced to seven years in the Illinois Department of Corrections.

The evidence adduced at trial is as follows: Jimmy Anderson testified that during the evening hours of January 25, 1998, he and his girlfriend, Mimi Johnson, were standing on a street corner when they were approached from behind by two men. One of the men pushed a hard object into his back and told him to walk and not say anything. Anderson identified defendant as one of those men. The other man held what "looked" and "clicked" like a gun and told Anderson to empty his pockets and remove his shoes and coat. At the same time defendant was going through Mimi's pockets. The other man then told Anderson to run or he would be shot. Anderson ran, leaving Mimi behind with their assailants.

Anderson ran to a nearby bar and told everyone that he had just been robbed. Shortly thereafter Mimi returned unharmed, and they drove back to the alley where they had been robbed and found Anderson's shoes and coat. Shortly thereafter, they were picked up by

the police and driven to a nearby gas station where the two men who had just robbed them were being detained by other policemen. Anderson identified them as such to the police officers. One of the officers showed him a packet of Newport cigarettes which she had just removed from one of the men. Anderson identified that packet as belonging to Mimi.

Officer Kelly Richards of the Chicago police department testified that shortly after midnight on January 26, 1998, she and her partner were on routine patrol when she observed a male black without a coat or shoes running down the street. Officer Richards looked in the direction from which this man was running and saw two male blacks running out of an alley, one of whom was carrying a blue winter coat. She followed these men in her squad car and observed them drop the coat next to a parked car. The men then entered that car and ducked down. Officer Richards and her partner got out of their squad car and approached the other car when it sped off. The officers immediately got back into their squadrol and gave chase. Eventually, they pulled the car over at a gas station and had the two men exit. As they were standing there, another squad car pulled up with the two victims inside. One of the victims, Jimmy Anderson, identified these men as the people who had just robbed him. Officer Richards recovered $3 and a pack of Newport cigarettes from defendant, which Jimmy Anderson identified as belonging to Mimi Johnson.

Defendant testified that on the evening of January 25, 1998, he was asleep in the passenger seat of his car when he was awakened by the movement of the car, which was making fast turns. He also saw police lights. He asked the driver, Willie Hopkins, why he was driving that way, and Willie told him "to be cool, be cool, don't worry about it." Willie began stuffing marijuana into his mouth. Defendant told Willie to stop the car, at which time they pulled into a gas station and stopped. Immediately thereafter a police car pulled up behind them and ordered them to get out. While they were there, another police car pulled up with two people inside. Defendant did not know these people and had never seen them before that moment. He denied being involved in a robbery and denied carrying a coat and dropping it alongside his car. When the police searched him, they recovered a pack of Newport cigarettes. However, he has been smoking Newports since 1991.

At the close of the evidence, the trial court did not find defendant guilty of armed robbery but convicted him of aggravated robbery. Specifically, the court stated:

> "[H]aving heard the evidence in this case, the witnesses, I find that as to the weapon used, *the State has not proven that beyond a rea-*

*sonable doubt,* but as to the fact that property was taken from the victim in this case, by force, I do and by threat of the use of a weapon, I find the defendant guilty of aggravated robbery." (Emphasis added.)

Defendant has raised two issues for our review: (1) whether aggravated robbery is a lesser included offense of armed robbery; and (2) whether the evidence proved him guilty beyond a reasonable doubt.

Initially, defendant argues that while the court was correct in finding that the State had not proven him guilty of armed robbery, it erred in convicting him of aggravated robbery because it is not a lesser included offense of armed robbery. Specifically, defendant argues that since he was never charged with aggravated robbery, and since aggravated robbery is not a lesser included offense of armed robbery, his conviction was improper.

■■ It is axiomatic that no one may be convicted of an offense not expressly charged unless that offense is a lesser included offense of that which is expressly charged. *People v. McDonald,* 321 Ill. App. 3d 470 (2001). However, a defendant may be convicted of an offense not expressly included in the charging instrument if that offense is a lesser included offense of the crime expressly charged. *People v. Novak,* 163 Ill. 2d 93 (1994). A lesser included offense is "established by proof of the same or less than all of the facts or a less culpable mental state (or both), than that which is required to establish the commission of the offense charged." 720 ILCS 5/2—9(a) (West 2000). In considering whether a crime is a lesser included offense of another, Illinois follows a "charging instrument" analysis. *Novak,* 163 Ill. 2d at 106-07; *People v. Jones,* 293 Ill. App. 3d 119, 127 (1997). This approach looks to the facts alleged in the charging instrument in identifying a lesser included offense, and an offense is deemed to be lesser included if it is described by the charging instrument. *Novak,* 163 Ill. 2d at 107. In other words, an offense is determined to be a lesser included offense, not by analyzing the statutory elements of the crimes involved and the possible theoretical ways in which the charged offense and alleged lesser included offense could be committed, but rather by comparing the charging instrument to the alleged lesser included offense to see whether the charging instrument sufficiently describes the "foundation" or "main outline" of that offense. *Jones,* 293 Ill. App. 3d at 128. Therefore, aggravated robbery *may* be found to be a lesser included offense of armed robbery in any given prosecution, but the precise language of the charging instrument will determine that. *McDonald,* 321 Ill. App. 3d at 472.

Under the indictments in the instant case, defendant was charged with armed robbery in that he "by the use of force or by threatening

the imminent use of force while armed with a dangerous weapon, to wit: a gun took a coat and shoes from the person or presence of Jimmy Anderson (and Mimi Johnson) in violation of Chapter 720, Act 5, Section 18—2 of the Illinois Compiled Statutes 1992 as Amended."

■ In Illinois, a person commits robbery when he "takes property *** from the person or presence of another by the use of force or by threatening the imminent use of force." 720 ILCS 5/18—1(a) (West 2000). A person commits armed robbery when he "violates Section 18—1— *** [while carrying] on or about his or her person or is otherwise armed with a dangerous weapon." 720 ILCS 5/18—2(a) (West 2000).

■ Aggravated robbery is defined as follows:

"A person commits aggravated robbery when he or she takes property from the person or presence of another by the use of force or by threatening the imminent use of force while indicating verbally or by his or her actions to the victim that he or she is presently armed with a firearm or other dangerous weapon, including a knife, club, ax, or bludgeon. This offense shall be applicable even though it is later determined that he or she had no firearm or other dangerous weapon, including a knife, club, ax, or bludgeon, in his or her possession when he or she committed the robbery." 720 ILCS 5/18—5 (West 2000).

■ Armed robbery and aggravated robbery require different elements of proof in that the elements of armed robbery require that a defendant "carr[y] on or about his person or [be] otherwise armed with a firearm" (720 ILCS 5/18—2(a) (West 2000)), while aggravated robbery requires that a defendant "indicat[e] verbally or by his actions to the victim that he or she is presently armed with a firearm or other dangerous weapon" (720 ILCS 5/18—5 (West 2000)).

In *Jones*, the sixth division of this court addressed the question of whether aggravated robbery is a lesser included offense of armed robbery in the context of whether the defendant was entitled to a lesser included offense jury instruction. The indictment in *Jones* alleged armed robbery as follows:

" 'Robert Jones committed the offense of armed robbery in that he, by the use of force or by threatening the imminent use of force while armed with a dangerous weapon, to wit: a handgun[,] took United States currency from the person or presence of [the victim] ***.' " *Jones*, 293 Ill. App. 3d at 129.

The sixth division held in *Jones* that "[a]lthough this indictment does allege the use of a firearm, an allegation sufficient to meet part of the third element of the aggravated robbery statute, it clearly does not allege that the gun was ever displayed to [the victim] or that the defendant implied to [the victim] that he possessed a gun." *Jones*, 293

Ill. App. 3d at 129. The court found such an allegation was a "necessary 'foundation' or 'main element' " of the aggravated robbery charge, and following the reasoning of *Novak*, held that such an allegation could not be inferred from the remaining allegations of the indictment in affirming the trial court's refusal to tender the defendant's requested jury instruction on aggravated robbery. *Jones*, 293 Ill. App. 3d at 129.

■ Similarly, the indictments in the instant case allege the use of a firearm, an allegation sufficient to meet part of the third element of the aggravated robbery statute. However, they do not allege that the gun was ever displayed to the victims or that defendant implied to the victims that he possessed a gun. Due to that omission, we choose to follow the reasoning in *Jones* and find that the indictment does not sufficiently allege the "foundation" or "main outline" of the offense of aggravated robbery, *i.e.*, that Antoine Kelley "indicat[ed] verbally or by his *** actions to the victim[s] that he *** [was] presently armed with a firearm or other dangerous weapon." 720 ILCS 5/18—5 (West 2000). Therefore, under the language of the indictments before us, aggravated robbery, the uncharged offense, is not a lesser included offense of the charged offense, armed robbery, and cannot support the convictions for aggravated robbery.

■ Having found that defendant was improperly convicted of the uncharged offense of aggravated robbery, we must now determine what the appropriate remedy should be. Defendant argues that further prosecution for armed robbery or aggravated robbery would violate the double jeopardy clauses of the fifth and fourteenth amendments to the Constitution of the United States (U.S. Const., amends. V, XIV) and article I, section 10, of the Illinois Constitution of 1970 (Ill. Const. 1970, art. I, § 10). The double jeopardy clause provides that no person shall "be subject for the same offense to be twice put in jeopardy of life or limb." U.S. Const., amend. V. Our Illinois Constitution has a similar provision which provides: "No person shall be *** twice put in jeopardy for the same offense." Ill. Const. 1970, art. I, § 10. These provisions apply both to successive punishments and to successive prosecutions for the same criminal offense.

Ordinarily, when a conviction is overturned because of trial error, the State is free to retry the defendant until he is convicted in an error-free trial; of course, once he is acquitted, whether or not in an error-free proceeding, that is the end of the proceedings and the bar of double jeopardy descends. Therefore, to invoke double jeopardy the defendant must somehow find an acquittal in these convictions. *People v. Hill*, 154 Ill. App. 3d 214, 216 (1987).

It is clear from the record before us that the trial judge acquitted

defendant of the armed robbery charge. At the close of the evidence he stated that as to the weapon used, "the State ha[d] not proven that beyond a reasonable doubt." In other words, the trial court determined that the State had not met its burden of proving that defendant or his accomplice possessed a firearm, thereby committing the offense of armed robbery. Given the fact that defendant was acquitted of armed robbery by the trial court, it would be inappropriate for us to remand this case back to the circuit court for a retrial on the armed robbery charge due to double jeopardy constraints. Furthermore, remand for a retrial on the aggravated robbery charge would be equally inappropriate since defendant has never been charged with that offense. Therefore, the only appropriate relief is to reverse defendant's conviction of aggravated robbery.

Based upon the foregoing, the judgment of the circuit court is reversed.

Reversed.

HALL, P.J., and WOLFSON, J., concur.