THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. JESSIE GRAY, Defendant-Appellant.

Second District   No. 2—02—1318

Opinion filed March 26, 2004.

G. Joseph Weller and Paul J. Glaser, both of State Appellate Defender's Office, of Elgin, for appellant.

Joseph E. Birkett, State's Attorney, of Wheaton (Martin P. Moltz, of State's Attorneys Appellate Prosecutor's Office, of counsel), and Sharmila Roy, of Naperville, for the People.

JUSTICE KAPALA delivered the opinion of the court:
Following a jury trial, defendant, Jessie Gray, was convicted of ag-

gravated robbery (720 ILCS 5/18—5(a) (West 2002)). He was sentenced to 14 years' imprisonment. He appeals, arguing that the trial court erred in answering the jury's request for clarification of a phrase in the issues instruction for aggravated robbery (Illinois Pattern Jury Instructions, Criminal, No. 14.20 (4th ed. 2000)). We determine that the court properly answered the jury's request, and thus we affirm.

We begin by presenting the evidence that is relevant to the issues on appeal. On April 30, 2002, about 8 p.m., Joseph Wesley and Jordan Ratley were walking toward a convenience store. As they walked, they were accosted by defendant, whom they did not previously know. Defendant stood in front of them with his hand under the football jersey that he was wearing. He swore at them and told them that he would kill them if they were members of the "GD" gang, which they were not. In light of defendant's erratic behavior and the smell of his breath, Wesley and Ratley knew that he was drunk.

Slurring his words, defendant told Wesley and Ratley that he had a pistol. He walked three or four feet away, turned his back, and acted as if he were taking something out of his jersey and putting it behind a tree. Wesley thought that defendant may have put down his gun. Defendant returned to Wesley and Ratley, took off his jersey, and placed it onto a car. Wesley could see that defendant had no gun at that point. Defendant asked for money, but Ratley told him to go home. Defendant threw a punch at Ratley, who was bigger than defendant, and Ratley blocked the punch. Defendant turned to Wesley, who was smaller than defendant, and demanded the chain that Wesley was wearing. Wesley tried to run, but defendant blocked his path. Wesley took off his chain and threw it onto defendant's jersey. Wesley and Ratley ran to Wesley's house and called the police. When the police apprehended defendant, he had his jersey and Wesley's chain. He had no weapon.

In instructing the jury, the trial court stated as follows:

"To sustain the charge of aggravated robbery, the State must prove the following propositions: The first proposition: That the Defendant knowingly took property from the person or the presence of Joseph Wesley and, second proposition, that the Defendant did so by the use of force or by threatening the imminent use of force, and third proposition, that the Defendant did so while indicating verbally or by his actions to the victim that he was *at that time* armed with a gun." (Emphasis added.) See Illinois Pattern Jury Instructions, Criminal, No. 14.20 (4th ed. 2000).

During its deliberations, the jury sent a note to the trial court: "We want clarification on 'at that time.' Does this mean 'any time during the incident' or 'at the exact time the chain was handed over'?"

Defense counsel argued that "at that time" means "[at] that instant." However, the trial court noted *People v. Dennis*, 181 Ill. 2d 87 (1998), in which the supreme court

> "talked about armed robbery, but [held] that although the required force or threat of force may either precede or be contemporaneous with the taking of the victim's property, use of a dangerous weapon at [any] point in a robbery will constitute armed robbery so long as it reasonably can be said to be part of a single occurrence. Sufficient force exists when the force used is part of a series of events that constitute a single incident or occurrence."

See *Dennis*, 181 Ill. 2d at 101-02. The trial court reasoned that "[c]ertainly the same has got to be said for an aggravated robbery." Thus, over defendant's objection, the court instructed the jury as follows:

> "The required force or threat of force must either procede [*sic*] or be contemporaneous with the taking of the victim's property. Indicating verbally or by actions to the victim that the person was armed with a gun can constitute aggravated robbery so long as it reasonably can be said to be part of a single occurance [*sic*]."

Shortly thereafter, the jury submitted a second note, raising two questions:

> "1. Is 'procede' intended to be precede or proceed?
> 2. Does contemporaneous mean 'within the time frame of taking of the victim's property'?"

As to the first question, the trial court instructed the jury that "the word used in the prior response should be 'precede.' " As to the second, the court agreed with the State's contention that the question was "very similar to the last question." In any event, over defendant's objection, the court instructed the jury that "contemporaneous as it applies to the use of force means that the force may be used as part of a series of events constituting a single incident." See *Dennis*, 181 Ill. 2d at 102.

Ultimately, the jury convicted defendant of aggravated robbery, and the trial court sentenced him and denied his posttrial and postsentencing motions. Defendant timely appealed.

On appeal, defendant asserts that the trial court erred in answering the jury's request for clarification of "at that time." To resolve that issue, we must address two questions. First, we must determine whether the court erred in defining the phrase at all. Second, we must determine whether the court's definition was correct. We will address each question in turn.

■ Generally, a trial court has a duty to answer when a jury raises (1) an explicit question (2) on a point of law (3) about which the jury indicates doubt or confusion. *People v. Childs*, 159 Ill. 2d 217, 228-29

(1994); *People v. Landwer*, 279 Ill. App. 3d 306, 314 (1996). Nevertheless; the court should refuse to answer if an answer would express the court's opinion on the evidence or would probably direct a verdict. *People v. Reid*, 136 Ill. 2d 27, 39-40 (1990). The court's decision to answer or refrain from answering will not be disturbed absent an abuse of discretion. *Landwer*, 279 Ill. App. 3d at 314.

■ Applying the aforementioned criteria, we determine that the trial court had a duty to answer the jury's request. First, as the jury requested a definition of a specific phrase, its request was explicit. See *People v. Oden*, 261 Ill. App. 3d 41, 45 (1994) (" 'What is possession?' "). Second, a question of a definition of a phrase in a jury instruction is a question of law. *Landwer*, 279 Ill. App. 3d at 315. Third, in requesting "clarification" of the phrase, the jury demonstrated that it was confused about the issue. See *Landwer*, 279 Ill. App. 3d at 313 (jury requested that court "clarify" term). Thus, the court did not abuse its discretion in deciding to answer the jury's request; indeed, a refusal to answer may have been prejudicial error. See *Childs*, 159 Ill. 2d at 229.

Defendant contends that the trial court improperly provided its "interpretation of the evidence [and] invaded the province of the jury as fact-finder and essentially directed a verdict of guilt." However, the court simply provided a definition of the phrase; it did not apply that definition to the evidence or instruct the jury on how to do so. Because the court defined the phrase "without relating it to any particular fact of the case" (*People v. Comage*, 303 Ill. App. 3d 269, 273 (1999)), its answer was purely legal. It remained the jury's task to apply that law to the evidence and to determine defendant's guilt.

Defendant further contends that an answer to the jury's request was precluded by our opinion in *People v. Brackett*, 288 Ill. App. 3d 12 (1997). There, in rejecting a vagueness challenge to the statute defining aggravated robbery, we stated that "[w]hat constitutes 'indicating verbally or by his or her actions to the victim that he or she is presently armed with a firearm' [(720 ILCS 5/18—5(a) (West 2002))] is not capable of precise definition and is a question properly left to be determined by the fact finder on a case-by-case basis." *Brackett*, 288 Ill. App. 3d at 18. In that case, however, the defendant argued only that "indicating" is vague. *Brackett*, 288 Ill. App. 3d at 16. Thus, what we determined is that the definition of "indicating" must be left to the jury; we did not state that the definition of "presently" (or "at that time," the equivalent phrase in the issues instruction) must be treated similarly.

In sum, the trial court did not abuse its discretion in deciding to answer the jury's request for a definition of "at that time." Now, we must determine whether the court provided the correct definition.

Needless to say, when a court answers a jury's question, the court must not misstate the law. *People v. Carroll,* 322 Ill. App. 3d 221, 224-25 (2001). Whether the court misstated the law is naturally a question of law, and our review is *de novo.* See *People v. Cameron,* 336 Ill. App. 3d 548, 551 (2003) (jury-instruction issue reviewed *de novo* to the extent it involved issue of statutory construction). We conclude that, in applying the principles of armed robbery, the court correctly stated the law of aggravated robbery.

■ Armed robbery and aggravated robbery may be committed in various ways. 720 ILCS 5/18—2(a), 18—5 (West 2002). However, as relevant here, the crimes are extremely similar. Each requires, first, a robbery, *i.e.,* a taking of property "from the person or presence of another by the use of force or by threatening the imminent use of force" (720 ILCS 5/18—1(a) (West 2002)). See 720 ILCS 5/18—2(a), 18—5(a) (West 2002). Beyond that, "[t]he elements of the offenses differ in that armed robbery requires that a defendant 'carr[y] on or about his or her person or [be] otherwise armed with a firearm,' while aggravated robbery requires that a defendant 'indicat[e] verbally or by his or her actions to the victim that he or she is presently armed with a firearm.' " *People v. McDonald,* 321 Ill. App. 3d 470, 472-73 (2001), quoting 720 ILCS 5/18—2(a)(2) (West Supp. 1999) and 720 ILCS 5/18—5(a) (West 1998). Thus, a defendant commits armed robbery by committing robbery while *actually* armed with a firearm; on the other hand, a defendant commits aggravated robbery by committing robbery while merely *indicating* that he or she is armed with a firearm, whether he or she is actually armed or not. See 720 ILCS 5/18—2(a)(2), 18—5(a) (West 2002).

As the trial court noted, the *Dennis* court recognized that a defendant may commit armed robbery even when he or she is not armed with a firearm at the instant of the taking:

> "Although the required force or threat of force must either precede or be contemporaneous with the taking of the victim's property [citations], use of a dangerous weapon at any point in a robbery will constitute armed robbery as long as it reasonably can be said to be a part of a single occurrence [citation]. Sufficient force exists where the force used is part of a series of events that constitute a single incident or occurrence." *Dennis,* 181 Ill. 2d at 101-02.

These principles have enabled appellate courts to sustain convictions on facts that, though in the context of armed robbery, are fairly similar to the facts here. One example is *People v. Stewart,* 54 Ill. App. 3d 76 (1977). There, about 1 p.m., the defendants put guns to the victim's head and ordered him to give them $1,000 by 4 p.m. The defendants left, one of them returned about 3 p.m., and the victim

gave him the money. No evidence indicated that the defendant was armed at that point. The appellate court affirmed the defendants' convictions of armed robbery. Noting the principles that the *Dennis* court would later recognize, the appellate court held that the interval between the use of the weapons and the taking of the money was not long enough "to preclude these events from constituting a single, uninterrupted and inseparable incident \*\*\* to satisfy a conviction for armed robbery." *Stewart*, 54 Ill. App. 3d at 80.

Similarly, in *People v. Talley*, 97 Ill. App. 3d 439 (1981), the defendant forced the victim into a bedroom at gunpoint, put his gun in a closet, forced the victim to disrobe, and took a coin purse that was in the victim's clothing. He argued that he was not guilty of armed robbery because he did not take the purse while he was armed. Citing *Stewart*, the appellate court disagreed:

> "It is immaterial that defendant did not have the gun in hand at the time of the taking. The conviction for armed robbery can be sustained if the trier of fact could properly find that the weapon had been displayed to the victim, and thereafter remained accessible to the perpetrator." *Talley*, 97 Ill. App. 3d at 444-45.

These cases demonstrate that, had defendant here *actually* had a gun and then *actually* put it behind the tree before taking Wesley's chain, he would have been guilty of armed robbery if the entire episode had been a single occurrence. As armed robbery and aggravated robbery "are obviously closely related in subject and proximity," we must presume that they are "governed by one spirit and a single policy" (*People v. Masterson*, 207 Ill. 2d 305, 329 (2003)). Thus, as defendant merely *indicated* that he had a gun and then merely *indicated* that he put it behind the tree before taking Wesley's chain, he must be guilty of aggravated robbery if the entire episode was a single occurrence. As the trial court suggested, there is simply no logical alternative.

Defendant contends that, rather than the law of armed robbery, the trial court should have adopted the law of armed violence (720 ILCS 5/33A—2(a) (West 2002)). We summarily reject that assertion. We do not deny that a defendant commits armed violence, like armed robbery, "while armed with a dangerous weapon." 720 ILCS 5/33A—2(a) (West 2002). Nevertheless, it nearly goes without saying that aggravated robbery is more "closely related in subject and proximity" (*Masterson*, 207 Ill. 2d at 329) to armed robbery than to armed violence. Thus, while aggravated robbery and armed robbery "are undoubtedly governed by one spirit and a single policy" (*Masterson*, 207 Ill. 2d at 329), aggravated robbery and armed violence are not.

■ We conclude that the trial court properly applied the principles of armed robbery in the context of aggravated robbery. In this context,

although the required force or threat of force must either precede or be contemporaneous with the taking of the victim's property, the defendant's indication that he or she is armed with a firearm at any point in a robbery will constitute aggravated robbery as long as it reasonably can be said to be a part of a single occurrence. Sufficient force exists where the force used is part of a series of events that constitute a single incident or occurrence. See *Dennis*, 181 Ill. 2d at 101-02. Thus, in answering the jury's request for clarification of "at that time" in the issues instruction for aggravated robbery, the court properly instructed the jury accordingly.

The judgment of the circuit court of Du Page County is affirmed.

Affirmed.

McLAREN and BYRNE, JJ., concur.