2015 IL App (1st) 141216

No. 1-14-1216

Fifth Division
December 23, 2015

_____

IN THE
APPELLATE COURT OF ILLINOIS
FIRST DISTRICT
_____

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) | Appeal from the Circuit Court of Cook County. |
| Plaintiff-Appellee, | ) ) | |
| | ) | No. 13 CR 7425 |
| v. | ) ) | The Honorable |
| ANGELO JOHNSON, | ) ) | Clayton J. Crane, Judge Presiding. |
| Defendant-Appellant. | ) ) | |

_____

JUSTICE GORDON delivered the judgment of the court, with opinion.
Presiding Justice Reyes and Justice Palmer concurred in the judgment and opinion.

**OPINION**

¶ 1      Following a bench trial, defendant Angelo Johnson was found guilty of: (1) kidnapping, as a lesser-included offense of aggravated kidnapping; (2) aggravated robbery, as a lesser-included offense of armed robbery; (3) unlawful vehicular invasion; and (4) unlawful restraint, as a lesser-included offense of aggravated unlawful restraint of Lavert Jones. After hearing factors in aggravation and mitigation, the trial court sentenced defendant to the Illinois Department of Corrections (IDOC) to one 11-year term each for aggravated robbery and unlawful vehicular invasion and to a 6-year term for kidnapping, with all sentences to

run concurrently. On this appeal, defendant challenges only the conviction for aggravated robbery. He claims that the trial court violated his right to due process when it convicted him of aggravated robbery because it was not a lesser-included offense of the charged offense, which was armed robbery. Specifically, defendant argues that, because he was never charged with aggravated robbery, and it is not a lesser-included offense of armed robbery, his conviction was improper.

¶ 2    In this case, we find that aggravated robbery was not a lesser-included offense of armed robbery and thus reduce defendant's conviction to simple robbery and remand for resentencing.

¶ 3                                   BACKGROUND

¶ 4    Since we consider on this appeal only the legal question of whether one offense is a lesser-included offense of another, we provide here only a short procedural history of the case.

¶ 5    On April 12, 2013, defendant Angelo Johnson was charged by information with: (1) aggravated kidnapping with a firearm, (2) armed robbery with a firearm, (3) unlawful vehicular invasion, and (4) aggravated unlawful restraint.

¶ 6    The information alleged that defendant "knowingly took property, to wit: United States currency, from the person or presence of [the victim] Lavert Jones, by the use of force or by threatening the imminent use of force and [defendant] carried on or about his person or was otherwise armed with a firearm."

¶ 7    At the subsequent bench trial, on March 14, 2014, the victim testified on direct examination that defendant showed and pointed a firearm at him. However, the firearm was not recovered, and the State did not produce a firearm in evidence at trial. The State asked

the court: "In the alternative if this Court is inclined to agree with [defense] Counsel that the State has not met its burden that a firearm was used at this point even in the light most favorable to the State we would ask that you keep the lesser included [offenses] of kidnapping and robbery."

¶ 8    After hearing the evidence and argument, the trial court found that the State had not proven beyond a reasonable doubt that defendant was armed with a firearm. Specifically, the trial court stated that it "[could] not conclude beyond a reasonable doubt that the implement that was used to frighten the victim in this matter was in fact a firearm." However, the trial court did not find defendant guilty of the "lesser included [offenses of] kidnapping and robbery" as the State requested; instead, the court found defendant guilty of aggravated robbery.

¶ 9    Following the bench trial, the trial court found defendant guilty of: (1) kidnapping, as a lesser-included offense of aggravated kidnapping; (2) aggravated robbery, as a lesser-included offense of armed robbery; (3) unlawful vehicular invasion; and (4) unlawful restraint, as a lesser-included offense of aggravated unlawful restraint. After the trial court announced its judgment, defendant did not object to his conviction for aggravated robbery as a lesser-included offense of armed robbery.

¶ 10    On April 11, 2014, the trial court denied defendant's posttrial motions to reconsider, to vacate judgment and for a new trial. In his posttrial motions, defendant did not object to his conviction of aggravated robbery as a lesser-included offense of armed robbery. After hearing factors in aggravation and mitigation, the trial court sentenced defendant to one 11-year term each for aggravated robbery and unlawful vehicular invasion and to a 6-year term for kidnapping, with all sentences to run concurrently. The trial court merged the unlawful

restraint conviction with the other three counts. Defense counsel stated "I would seek leave to file a motion to reconsider sentence at this time," to which the trial court responded "denied."

¶ 11                                                ANALYSIS

¶ 12        On appeal, defendant argues that the trial court violated his right to due process when it convicted him of aggravated robbery because it was not a lesser-included offense of the charged offense of armed robbery. Defendant asks this court to enter a conviction for simple robbery as a lesser-included offense of armed robbery, as the State requested at trial.

¶ 13                                              I. Forfeiture

¶ 14        First, the State argues that defendant's claim is forfeited because defendant did not preserve the issue for review. To preserve a claim for review, a defendant must both object at trial and include the alleged error in a written posttrial motion. *People v. Thompson*, 238 Ill. 2d 598, 612 (2010). In the case at bar, defendant did not object to the trial court's judgment when it was announced and did not include that issue in his written posttrial motion. Thus, his claim is technically forfeited.

¶ 15                                             II. Plain Error

¶ 16        However, we may still review the issue on appeal for plain error. *People v. Hillier*, 237 Ill. 2d 539, 545 (2010). The plain-error rule bypasses normal forfeiture principles and allows a reviewing court to consider unpreserved claims of error in specific circumstances. *Thompson*, 238 Ill. 2d at 613. Supreme Court Rule 615(a) states that "[p]lain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the trial court." Ill S. Ct. R. 615(a) (eff. .

¶ 17        The plain-error doctrine allows a reviewing court to consider unpreserved error when "(1) a clear or obvious error occurred and the evidence is so closely balanced that the error alone

threatened to tip the scales of justice against the defendant, regardless of the seriousness of the error, or (2) a clear or obvious error occurred and that error is so serious that it affected the fairness of the defendant's trial and challenged the integrity of the judicial process, regardless of the closeness of the evidence." *People v. Piatkowski*, 225 Ill. 2d 551, 565 (2007). Under both prongs of the plain-error doctrine, the defendant has the burden of persuasion. *Hillier*, 237 Ill. 2d at 545. Here, defendant argues that the second prong of the plain-error doctrine applies because convicting a defendant of an uncharged offense, which is not a lesser-included offense, offends due process and the integrity of the judicial process. See *People v. Kolton*, 219 Ill. 2d 353, 359-60 (2006).

¶ 18        "The first step of plain-error review is determining whether any error occurred." *Thompson*, 238 Ill. 2d at 613.

¶ 19                              III. Standard of Review

¶ 20        "Whether a charged offense encompasses another as a lesser-included offense is a question of law, which this court reviews *de novo*." *Kolton*, 219 Ill. 2d at 361 (citing *People v. Landwer*, 166 Ill. 2d 475, 486 (1995)). *De novo* review means that we perform the same analysis that a trial judge would perform. *Thomas v. Weatherguard Construction Co.*, 2015 IL App (1st) 142785, ¶ 63.

¶ 21                              IV. Lesser-Included Offense

¶ 22        To determine whether a crime is a lesser-included offense of another, Illinois employs a "charging instrument" analysis. *People v. McDonald*, 321 Ill. App. 3d 470, 472 (2001). Under the "charging instrument" analysis, a defendant can be convicted of an uncharged offense if two conditions are met: (1) "the description of the greater offense contains a 'broad foundation' or 'main outline' of the lesser offense"; and (2) the evidence adduced at trial

"rationally supports a conviction on the lesser offense." *Kolton*, 219 Ill. 2d at 361. "However, the second step–examining the evidence adduced at trial–should not be undertaken unless and until it is first decided that the uncharged offense is a lesser-included offense of a charged crime." *Kolton*, 219 Ill. 2d at 361. Thus, we must first determine whether the description of the greater offense contains a broad foundation or main outline of the lesser offense.

¶ 23                     V. The First Step: Main Outline of the Offense

¶ 24        Prior to *Kolton*, the "charging instrument" analysis required a reviewing court to compare the charging instrument to the lesser-included offense to see whether the charging instrument sufficiently described the "broad foundation" or "main outline" of the offense, but it did not allow for a missing element to be inferred from the allegations of the indictment. See *People v. Novak*, 163 Ill. 2d 93, 114 (1994). In *Novak*, the defendant argued on appeal that the trial court erred in refusing his jury instruction on–what he claimed–was a lesser-included offense. *Novak*, 163 Ill. 2d at 105. The defendant argued that the indictment "need not specifically allege" each element but that an element could be inferred. *Novak*, 163 Ill. 2d at 114. The *Novak* court rejected his argument, stating unequivocally: "This contention is erroneous." *Novak*, 163 Ill. 2d at 114 (defendant had argued that the court could infer from a charge of sexual assault "that the sexual conduct was for the purpose of sexual gratification or arousal").

¶ 25        Three justices dissented in *Novak*, and our supreme court later described their approach as follows: "the indictment need not explicitly state all of the elements of the lesser offense, as long as any missing element may reasonably be inferred from the allegations contained in the indictment." *Kolton*, 219 Ill. 2d at 363.

¶ 26     Twelve years after *Novak*, the supreme court in *Kolton* adopted the approach of the dissenting justices. *Kolton*, 219 Ill. 2d at 367. The *Kolton* court held that "[i]t is now well settled that, under the charging instrument approach, an offense may be deemed a lesser-included offense even though every element of the lesser offense is not explicitly contained in the indictment, as long as the missing element can be reasonably inferred." *Kolton*, 219 Ill. 2d at 364. "[U]nder the charging instrument approach, whether a particular offense is 'lesser included' is a decision which must be made on a case-by-case basis using the factual description of the charged offense in the indictment." *Kolton*, 219 Ill. 2d at 367. "A lesser offense will be 'included' in the charged offense if the factual description of the charged offense describes, in a broad way, the conduct necessary for the commission of the lesser offense and any elements not explicitly set forth in the indictment *can reasonably be inferred*." (Emphasis added.) *Kolton*, 219 Ill. 2d at 367.

¶ 27     In the case at bar, we must decide whether defendant was properly convicted of aggravated robbery as a lesser-included offense of armed robbery, as charged in defendant's information. We first look to the statutory definitions of armed and aggravated robbery.

¶ 28     In Illinois, "[a] person commits robbery when he or she knowingly takes property *** from the person or presence of another by the use of force or by threatening the imminent use of force." 720 ILCS 5/18-1(a) (West 2012). "[T]he gist of the offense of robbery is the force or fear of violence directed at the victim in order to deprive him of his property." *People v. Dennis*, 181 Ill. 2d 87, 104 (1998).

¶ 29     "A person commits armed robbery when he or she violates Section 18-1; and *** he or she carries on or about his or her person or is otherwise armed with a dangerous weapon other than a firearm." 720 ILCS 5/18-2(a) (West 2012). "Although the required force or

7

threat of force must either precede or be contemporaneous with the taking of the victim's property [citations], use of a dangerous weapon at any point in a robbery will constitute armed robbery as long as it reasonably can be said to be a part of a single occurrence [citation]." *Dennis*, 181 Ill. 2d at 101-02.

¶ 30    "A person commits aggravated robbery when he or she violates [section 18-1(a)] while indicating verbally or by his or her actions to the victim that he or she is presently armed with a firearm ***. This offense shall be applicable even though it is later determined that he or she had no firearm *** in his or her possession when he or she committed the robbery." 720 ILCS 5/18-1(b) (West 2012). " '[A]ggravated robbery requires that a defendant 'indicat[e] verbally or by his or her actions to the victim that he or she is presently armed with a firearm.' ' " *People v. Gray*, 346 Ill. App. 3d 989, 994 (2004) (quoting *People v. McDonald*, 321 Ill. App. 3d 470, 472-73 (2001), quoting 720 ILCS 5/18–5(a) (West 1998)).

¶ 31    In the case at bar, the State charged defendant with one count of armed robbery pursuant to section 18-2(a). 720 ILCS 5/18-2(a) (West 2012). That count alleged that defendant:

> "knowingly took property, to wit: United States currency, from the
>
> person or presence of [the victim] Lavert Jones, by the use of force
>
> or by threatening the imminent use of force and [defendant] carried
>
> on or about his person or was otherwise armed with a firearm."

The State did not charge defendant with aggravated robbery. Defendant, however, was convicted of aggravated robbery, which requires proof that a robbery was committed while he indicated verbally or through his action toward the victim that he was armed with a firearm, or other dangerous weapon, even if it was later determined he was not armed with a firearm or other dangerous weapon. See 720 ILCS 5/18-1(b) (West 2012).

¶ 32    Defendant argues that aggravated robbery is not a lesser-included offense of armed robbery because the allegation that defendant indicated verbally or by his actions to the victim that he was presently armed with a firearm could not be inferred from the charges. Defendant cites to *People v. Kelley*, 328 Ill. App. 3d 227, 232 (2002) in support of this proposition.

¶ 33    In *Kelley*, the indictment alleged use of a firearm; however, it did not allege that the gun was displayed to the victim or that the defendant implied that he possessed a gun. *Kelley*, 328 Ill. App. 3d at 232. Therefore, this court held that the indictment did not sufficiently allege the foundation of the offense of aggravated robbery, because it did not state that the defendant " 'indicat[ed] verbally or by his [or her] actions to the victims that he [or she was] presently armed with a firearm or other dangerous weapon.' " *Kelley*, 328 Ill. App. 3d at 232 (quoting 720 ILCS 5/18-5 (West 2000)). Thus, we held that the uncharged offense, aggravated robbery, was not a lesser-included offense of the charged offense, armed robbery. *Kelley*, 328 Ill. App. 3d at 232. Defendant argues that, as in *Kelley*, his charging instrument did not state that defendant displayed the weapon or that he implied that he was armed. Therefore, he argues that the charging instrument did not include an essential element of aggravated robbery.

¶ 34    The State argues that *Kelley* does not apply because the court used the *Novak* approach which did not allow for a missing element to be inferred from the facts of the case. *Novak*, 163 Ill. 2d at 114. The State argues that, under *Kolton*, an offense is a lesser-included offense if "the conduct necessary for the commission of the lesser offense and any elements not explicitly set forth in the indictment *can reasonably be inferred*." (Emphasis added.) See *Kolton*, 219 Ill. 2d at 367. The charge alleged: (1) that defendant "took property" from the

victim; (2) that he was armed with a firearm; and (3) he used "force or threaten[ed] the imminent use of force" when he took the property. The State argues that from the allegations that defendant was armed with a gun and used force, it can be reasonably inferred that defendant, verbally or by his actions, informed the victim that he was armed with a firearm. Therefore, the State argues that the charging instrument included aggravated robbery as a lesser-included offense of armed robbery because the essential element of aggravated robbery could be reasonably inferred from the charging instrument.

¶ 35    Furthermore, the State argues that the defendant in *Kelley* was charged and convicted under an earlier version of the armed robbery statute. *Kelley*, 328 Ill. App. 3d at 228-30. This earlier version provided that a defendant is guilty of armed robbery if he commits robbery while "[he] carries on or about [his] person or is otherwise armed with a dangerous weapon." 720 ILCS 5/18-2(a) (West 2000). Under the current version of the statute, a defendant is guilty of armed robbery if he commits robbery and "carries on or about [his] person, or is otherwise armed with a firearm." 720 ILCS 5/18-2(a)(2) (West 2012). Thus, a "dangerous weapon" was changed to a "firearm." The State contends that the court in *Kelley* erroneously analyzed the issue as if the amended version of the statute applied.

¶ 36    In *Kolton*, the court found that "[a] lesser offense will be 'included' in the charged offense if the factual description of the charged offense describes, in a broad way, the conduct necessary for the commission of the lesser offense and any elements not explicitly set forth in the indictment *can reasonably be inferred*." (Emphasis added.) *Kolton*, 219 Ill. 2d at 367. Applying the approach here, we find that the facts alleged in the information for armed robbery describe in a broad manner the conduct necessary for the commission of the lesser offense of aggravated robbery. *Kolton*, 219 Ill. 2d at 367. Defendant was charged with

taking property from the victim "by the use of force or by threatening the imminent use of force and carried on or about his person or was otherwise armed with a firearm." From the allegations in the information, it was reasonably inferable that defendant was presently armed with a firearm, and indicated to the victim either verbally or by his actions that he was presently armed with a firearm. *Kolton*, 219 Ill. 2d at 364. Thus, we find that the information's description of the greater offense of armed robbery contains a "broad foundation" or "main outline" of the lesser offense of aggravated robbery. (Internal quotation marks omitted.) *Kolton*, 219 Ill. 2d at 371.

¶ 37     VI. The Second Step: Evidence Rationally Supports a Conviction on the Lesser Offense

¶ 38     Under the second step, "the evidence adduced at trial" must "rationally support[] a conviction on the lesser offense." *Kolton*, 219 Ill. 2d at 361. In the case at bar, defendant argues that the trial court held that the evidence adduced at trial did not rationally support possession of a firearm and thus the evidence did not rationally support a conviction on the lesser offense. Defendant argues that "Lavert Jones testified that when Johnson entered his car he was armed with what looked to be a gun. However, no gun was ever recovered and the State did not produce a firearm as evidence at trial. The trial court, therefore, determined that the State had not proven beyond a reasonable doubt that Johnson possessed a firearm, and did not convict him of armed robbery with a firearm."

¶ 39     For the reasons discussed in the next section, we agree that the evidence adduced at trial does not support defendant's conviction for aggravated robbery beyond a reasonable doubt. *Kolton*, 219 Ill. 2d at 371; *People v. Jordan*, 218 Ill. 2d 255, 269 (2006) (stating that the standard that applies in all criminal cases is, whether "after viewing the evidence in the light

most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt" (emphasis in original)).

¶ 40                                    VII. Elements of Aggravated Robbery

¶ 41      Aggravated robbery requires proof that a robbery was committed, while the robber "[(1)] indicat[ed] verbally or [(2)] by his *** actions to the victim that he *** is presently armed with a firearm." 720 ILCS 5/18-1(b) (West 2012).

¶ 42      The first element, "that a robbery was committed," is not in dispute. With respect to the second element, however, the State did not prove beyond a reasonable doubt that defendant "indicat[ed] verbally or by his *** actions to the victim that he *** [was] presently armed with a firearm." 720 ILCS 5/18-1(b) (West 2012).

¶ 43      In *People v. Hall*, 352 Ill. App. 3d 537, 544 (2004), the defendant approached the victim and asked if the victim "was wearing a bulletproof vest, questioned [the victim] with respect to whether [he] ever had been or presently wanted to be shot, and moved his hand to his waist in a grabbing motion." *Hall*, 352 Ill. App. 3d at 544. The court held that the defendant's conduct "[was] undisputably prohibited by the aggravated robbery statute." *Hall*, 352 Ill. App. 3d at 544. The aggravated robbery statute specifically provides that "[t]his offense shall be applicable even though it is later determined that he or she had no firearm *** in his or her possession when he or she committed the robbery." 720 ILCS 5/18-1(b) (West 2012).

¶ 44      However, in the case at bar, Jones did not testify that defendant "indicat[ed] verbally" that he was presently armed with a firearm. 720 ILCS 5/18-1(b) (West 2012). Jones testified at trial that he saw the gun. Therefore, to find defendant guilty of aggravated robbery, the State had to prove that defendant's "actions to the victim" indicated that he was presently armed with a firearm. 720 ILCS 5/18-1(b) (West 2012). The victim testified that defendant

showed and pointed a firearm at him. However, the trial found that it "[could] not conclude beyond a reasonable doubt that the implement that was used to frighten the victim in this matter was in fact a firearm." As a result, the State requested a lesser-included offense conviction of "robbery" only, never mentioning aggravated robbery. The trial court did not find the victim's testimony about a firearm credible enough to conclude that defendant frightened him with a firearm, and thus the evidence was also insufficient for aggravated robbery. Since there was an error in convicting defendant of aggravated robbery, we now consider whether this error constituted plain error.

¶ 45                                VIII. Structural Error

¶ 46        The Illinois Supreme Court compares the second prong of plain error with "structural" errors, noting that, "automatic reversal is only required where an error is deemed 'structural.' " *People v. Glasper*, 234 Ill. 2d 173, 197 (2009). A structural error is a "systematic error which serves to 'erode the integrity of the judicial process and undermine the fairness of the defendant's trial.' " *Glasper*, 234 Ill. 2d at 197-98 (quoting *People v. Herron*, 215 Ill. 2d 167, 186 (2005)). The United States Supreme Court identified a limited class of errors identified as "structural errors" that apply to the second prong of plain error: (1) "complete denial of counsel"; (2) "biased trial judge"; (3) "racial discrimination in selection of grand jury"; (4) "denial of self-representation at trial"; (5) "denial of public trial"; and (6) "defective reasonable-doubt instruction." *Washington v. Recuenco,* 548 U.S. 212, 218 n.2 (2006).

¶ 47        However, the court in *Glasper* did not limit the second prong of plain error to the six categories of error listed by the Court in *Recuenco*. In *Glasper,* the defendant argued that the trial court committed a reversible error; and therefore was "not subject to harmless-error

13

analysis." *Glasper,* 234 Ill. 2d at 185. However, the error alleged by the defendant was not included in the class of "structural" errors recognized by the United States Supreme Court. *Glapser*, 234 Ill. 2d at 198. The court proceeded to analyze the error and concluded that the State committed an error where the prosecutor's remark was improper: the comment was "irrelevant and had no purpose other than to distract the jurors from their duty." *Glasper*, 234 Ill. 2d at 215. The court decided that the error was not "so serious that the second prong of the plain-error test is satisfied." *Glapser*, 234 Ill. 2d at 215. In conducting its analysis, however, our supreme court did not indicate that the prosecutor's remark could not be plain error because it was not within the class of "structural" errors recognized by the Supreme Court. *Glapser*, 234 Ill. 2d at 213-15. Rather, the court recognized that an error could be reversible "regardless of whether the error would be deemed structural under federal law"; however, the "trial court's error in this case does not rise to the level of structural error." *Glapser*, 234 Ill. 2d at 199-200.

¶ 48        Similarly, in *Thompson*, our supreme court did not conclude that an error could not be second-prong plain error because it was not included within the class of "structural" errors recognized by the United States Supreme Court. *Thompson*, 238 Ill. 2d at 613-15. Rather, the court concluded that the alleged violation at issue, a biased jury, was not subject to plain-error review because the defendant had not presented any evidence that the jury was, in fact, biased. *Thompson*, 238 Ill. 2d at 614-15. However, our supreme court stated that a finding that the "defendant was tried by a biased jury would *certainly satisfy the second prong of plain-error review* because it would affect his right to a fair trial and challenge the integrity of the judicial process," even though it is not included in the class of structural errors

recognized by the United States Supreme Court. (Emphasis added.) *Thompson*, 238 Ill. 2d at 614.

¶ 49    We now turn to the question of whether the error in this case was "so serious that it affected the fairness of the defendant's trial and challenged the integrity of the judicial process, regardless of the closeness of the evidence." *Piatkowski*, 225 Ill. 2d at 565.

¶ 50    Convicting a defendant of an uncharged offense that is not a lesser-included offense of a charged offense violates the defendant's "fundamental due process right to notice of the charges brought against him." *Kolton*, 219 Ill. 2d at 359 (citing *People v. DiLorenzo*, 169 Ill. 2d 318, 321 (1996)). At the bench trial, the State asked the court that, "in the alternative if this Court is inclined to agree with Counsel that the State has not met its burden that a firearm was used at this point even in the light most favorable to the State we would ask that you keep the lesser included [offense] of *** robbery." The trial court found that the State had not proven beyond a reasonable doubt that the defendant was armed with a firearm. However, the trial court did not find defendant guilty of the "lesser included [offense of] *** robbery" as the state requested; instead, the court found defendant guilty of aggravated robbery. As the Illinois Supreme Court recognized in *Kolton*, convicting defendant of the uncharged offense of aggravated robbery that is not a lesser-included offense of the charged offense of armed robbery violates defendant's "fundamental due process right" and affects the fairness of defendant's trial and challenges the integrity of the judicial process. *Kolton*, 219 Ill. 2d at 359. Thus, defendant's conviction for aggravated robbery constitutes plain error.

¶ 51                                 CONCLUSION

¶ 52       For the reasons stated, we reduce defendant's conviction for aggravated robbery to simple robbery and remand for resentencing on the simple robbery conviction. *People v. Ross*, 229 Ill. 2d 255, 277 (2008) (where the evidence was insufficient to establish a dangerous weapon and thus insufficient to prove armed robbery, the conviction was reduced to the lesser-included offense of simple robbery and the case was remanded so that the trial court could sentence defendant accordingly).

¶ 53       Judgment modified and cause remanded for resentencing.