**NOTICE:** This order was filed under Illinois Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

2026 IL App (3d) 250136-U

Order filed February 20, 2026

_____

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2026

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of the 12th Judicial Circuit, Will County, Illinois, |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | Appeal No. 3-25-0136 Circuit No. 23-CM-900 |
| VICTORIA A. ABUNDEZ, | ) ) ) | Honorable Amy B. Christiansen, |
| Defendant-Appellant. | ) | Judge, Presiding. |

_____

JUSTICE PETERSON delivered the judgment of the court.
Justices Brennan and Davenport concurred in the judgment.

_____

**ORDER**

¶ 1     *Held*:  The court's finding that the State presented insufficient evidence regarding an element of the charged offense is an acquittal of the charge requiring a reversal of the subsequent finding of guilt.

¶ 2     Defendant, Victoria A. Abundez, appeals from her conviction for violating a stalking no contact order. Defendant argues that the Will County circuit court acquitted her of the charge when it found that the State failed to meet its burden regarding the statements made during the incident. We reverse.

¶ 3                                    I. BACKGROUND

¶ 4        On September 26, 2023, defendant was charged with violating a stalking no contact order (720 ILCS 5/12-3.9(a)(1)(A), (2) (West 2022)). The charge alleged that on June 29, 2023, defendant knowingly committed an act prohibited by a stalking no contact order when she made contact with Ruby Sandoval and yelled at her.

¶ 5        On December 3, 2024, the case proceeded to a bench trial. Sandoval testified that she was driving home from the grocery store with her family when she drove past defendant. Defendant was outside of her own residence at the time. Sandoval testified that she and defendant lived near each other. She paid little attention to defendant and proceeded home. She parked her vehicle and began unloading groceries. Defendant's mother drove past Sandoval. Defendant and her father were passengers in the vehicle. Sandoval testified that defendant's mother lowered the window, and they began insulting her. Sandoval heard defendant call her a "bitch." Sandoval also testified that defendant and her mother called her a "whore" in Spanish. Sandoval indicated they were "just going back and forth" for a bit before she stopped listening. The vehicle containing defendant drove away and Sandoval called the police. Sandoval indicated that she and defendant had grown up together and she recognized the voice of everyone in defendant's family. Sandoval's mother also testified that she heard defendant and her mother shouting "whore" at Sandoval from their vehicle.

¶ 6        The court found defendant guilty. In so finding, it stated:

            "With regards to the actual statement said, the State has not proven their—their burden. However, we're not here just for statements.

            The—the stalking no contact provision—it—I think it was a little unclear who said what, and who said what to whom, but I don't even need to get there. And

                                                    2

the reason is *** that the respondent is ordered to stay at least 100 feet away from [Sandoval] and [Sandoval's] residence.

*** They were close together. I don't know what was said, but, certainly, the 100 feet provision was violated."

¶ 7 Defendant filed a motion to reconsider, which alleged, in pertinent part, that the State presented insufficient evidence to find defendant guilty of knowingly coming within 100 feet of Sandoval or her residence where no evidence regarding distance was elicited. Further, the motion asserted that defendant had been charged with making contact with Sandoval, and the court had found that the State failed to meet its burden regarding the statements which were made. At the hearing, the court declined to reconsider the guilty verdict, stating:

"I will say with regards to the original—the hundred feet, the Court should—I will reconsider that particular aspect. I understand that the defendant was not charged with that, and so I will not make that part of the ruling. She did not violate—she is not charged with that, so I will not find her guilty based on that.

However, in this case, the Court found that she—that I could not understand—I did not know who said what. But what I do find is that the defendant did, in fact, yell at *** Sandoval. That was clear beyond anything. The exact words she said, I don't know. But the fact is that she did yell at *** Sandoval, a protected party."

The court sentenced defendant to 12 months' court supervision. Defendant appealed.

¶ 8                                             II. ANALYSIS

¶ 9 On appeal, defendant argues that her conviction must be vacated where the court initially found that the State failed to meet its burden in proving that defendant had yelled at Sandoval,

found defendant guilty of uncharged conduct, then months later reversed course and found defendant guilty of yelling at Sandoval. Defendant asserts that these actions violate her right to be free from double jeopardy. Defendant did not properly preserve this issue for appeal, but requests that we review it under the second prong of the plain error doctrine, which permits a reviewing court to remedy a "clear or obvious error" when "that error is so serious that it affected the fairness of the defendant's trial and challenged the integrity of the judicial process, regardless of the closeness of the evidence." *People v. Piatkowski*, 225 Ill. 2d 551, 565 (2007). The first step of the plain error doctrine is to determine whether an error occurred. *People v. Eppinger*, 2013 IL 114121, ¶ 19.

¶ 10 Under both the United States and Illinois Constitutions, no person shall be twice placed in jeopardy for the same offense. U.S. Const., amend. V; Ill. Const. 1970, art. I, § 10. Double jeopardy protections cover three basic scenarios: (1) protection against a second prosecution for the same offense after acquittal; (2) protection against a second prosecution for the same offense after conviction; and (3) protection against multiple punishments for the same offense. *People v. Milka*, 211 Ill. 2d 150, 170 (2004). An acquittal encompasses "any ruling that the prosecution's proof is insufficient to establish criminal liability for an offense." *Evans v. Michigan*, 568 U.S. 313, 318 (2013). "To permit a second trial after an acquittal, however mistaken the acquittal may have been," violates double jeopardy. (Internal quotation marks omitted.) *Id.* at 319. "Under *Evans*, the inquiry is whether the trial court ruled that the evidence was insufficient to convict." *People v. Cervantes*, 2013 IL App (2d) 110191, ¶ 44.

¶ 11 Here, defendant was charged with violating the stalking no contact order by yelling at Sandoval. Following the trial, the court found that the State had not met its burden regarding the statements and expressed uncertainty about which person made the various statements. Because

4

the court made a ruling that the State's evidence was insufficient to convict defendant of yelling at Sandoval, defendant was acquitted of violating the stalking no contact order. "[O]nce a defendant is acquitted, the court may not thereafter reconsider and vacate the acquittal." *Id.* ¶ 61. Additionally, the fact that the court ultimately found defendant guilty does not alter the analysis where the finding was based on uncharged conduct which was not supported by evidence at trial. See *People v. Kelley*, 328 Ill. App. 3d 227, 232-33 (2002) (where the court expressly finds that the State has not met their burden concerning the charged offense, but erroneously enters a conviction on an uncharged offense, a reversal of the conviction is warranted). The court effectively treated this case as if there were two separate counts charged. First, yelling at Sandoval from the vehicle, and second, violating the one hundred feet stay away provision of the SNCO. The court ruled that the State had "not proven their-their burden" of establishing the defendant's guilt on the "first count," and had proven the defendant guilty on what the court apparently thought was the second count. However, there was no second count.

¶ 12        Thus, the court's subsequent finding of guilt for the charged violation of a stalking no contact order is barred by double jeopardy. It is well established that a violation of double jeopardy is a substantial injustice warranting excusal of the procedural default. See *People v. Henry*, 204 Ill. 2d 267, 281 (2003); *Cervantes*, 2013 IL App (2d) 110191, ¶ 21. Therefore, we reverse defendant's conviction for violating a stalking no contact order.

¶ 13                                III. CONCLUSION

¶ 14        The judgment of the circuit court of Will County is reversed.

¶ 15        Reversed.